CARTER FOOTWEAR, INC. and Del–Line, LLC, Plaintiffs,

v.

GRAYSTONE WORLD–WIDE, INC., Donald J. Hallisy, John J. Melcher, Adam J. Waxman, Concorde International, LLP, Brian Cork, David E. Nelson, Todd L. Kinney, Karl S. Smith, Smith Consulting Services, Inc., Investment Management of America, Inc., Andrew Badolato, Gerald Parker, Anthony Gomes, Ronald Doran, William Madden, Tod Lotz, Patricia Wilds, Douglas Smudz and Daniel Kemp, Defendants.

No. 3–CV–98–2133.

United States District Court, M.D. Pennsylvania.

Nov. 12, 1999.

Ronald V. Santora, Hourigan, Kluger, Spohrer & Quinn, Wilkes Barre, PA, James T. Shoemaker, Hourigan, Kluger, Spohrer & Quinn, P.C., Wilkes Barre, PA, George A. Reihner, Kevin Christopher Quinn, Elliott Reihner Siedzikowski North & Egan, Scranton, PA, for Carter Footwear, Inc.

William Randolph Klein, Sarasota, FL, for William Madden and Patricia Wilds.

## MEMORANDUM

MUNLEY, District Judge.

Before the court for disposition are motions to dismiss filed by several defendants in the above-captioned action. The plaintiffs are Carter Footwear and Del–Line, LLC, and the moving defendants are Patricia Wilds and William Madden. The matter has been fully briefed and argued and is thus ripe for disposition.

### Background

Plaintiffs filed the instant RICO action alleging that the defendants engaged in an illegal scheme to defraud and cheat the investing public through false and materially misleading representations concerning the operations and assets of Defendant Graystone. Defendants Patricia Wilds and William Madden have filed motions to dismiss alleging that the court lacks jurisdiction over them or in the alternative that the complaint fails to assert a valid cause of action against them. After a careful review, and for the reasons that follow, the motions to dismiss will be denied.

### Discussion

#### A. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides that a party may file a

motion to assert that the court lacks jurisdiction over the person. Defendants Wilds and Madden allege that they do not have sufficient minimum contacts with Pennsylvania in order to be haled into court here. We disagree. "The RICO statute provides for 'nationwide service of process' on defendants. Thus a federal court's jurisdictional reach extends throughout the nation in RICO cases. The defendant need only have sufficient minimum contacts with the United States to satisfy due process." *American Trade Partners v. A–1 Internat'l Enterprises, Ltd.*, 757 F.Supp. 545, 556 (E.D.Pa.1991) (citations omitted). Accordingly, we must determine whether the moving defendants have minimum contacts with the United States. Apparently, it is uncontested that both Wilds and Madden are residents of the United States. As such they have sufficient minimum contacts with the United States to satisfy due process, and this court has personal jurisdiction.

### B. Failure to state a claim

Defendants allege that the plaintiffs' complaint should be dismissed for non compliance with Fed.R.Civ.Pro. 9(b), or for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6)[1]. Alternatively, defendants seek to have the plaintiffs ordered to provide a more definite statement pursuant to Fed.R.Civ. Pro. 12(e).

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.Pro. 9(b). The Third Circuit has held that Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). Allega-

tions of "date, place or time" fulfill these functions, but the court found nothing in the rule that requires them. *Id.* The rule is satisfied where some precision and some measure of substantiation is present in the pleadings. *Killian v. McCulloch*, 850 F.Supp. 1239, 1254 (E.D.Pa.1994).

A review of the complaint, based on this somewhat relaxed standard reveals that claims have sufficiently been pled against the moving defendants. With respect to Defendant Madden, our conclusion rests primarily on the fact that he was listed as an officer of Defendant Investment Management of America (hereinafter "IMA"). See Compl. ¶ 26 and Ex. 12 of Compl. It is therefore appropriate for Madden to remain as a defendant at least until discovery is completed to determine what role, if any, he had in the corporation's alleged wrongdoing.

Plaintiffs have alleged the following regarding Defendant Wilds: she was an employee of Defendant IMA and intricately involved in all of its affairs, Compl. ¶ 28; she was one of Defendant IMA's representatives at a Las Vegas show involving a scheme to falsely represent that IMA would fund Defendant Graystone's acquisition of Carter's assets, Compl. ¶ 102; and she faxed a fraudulent prospectus. Compl. ¶ 109. We find that these allegations are sufficiently precise to substantiate the allegations of fraud. Accordingly, the motion to dismiss will be denied.

---

**1.** The defendants' motion alleges violation of Fed.R.Civ.Pro. 12(b)(5), however, we have con- strued it as a Rule 12(b)(6) motion.